UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

LUIS BELTRAN,                      Case No. : 1:04-CV-12522
Petitioner/Appellant,                         (01-CR-10438-WGY)

-v-

UNITED STATES OF AMERICA,
Respondent/Appellee.         /

## PETITION FOR CERTIFICATE OF APPEALABILITY (COA)

**COMES NOW** the petitioner/appellant Luis Beltran (henceforth Beltran) pro se, and respectfully asks this honorable court to issue a certificate of appealability (coa) to perfect his appeal, on the denial of his §2255 motion to vacate. Pursuant to 28 U.S.C. §2253(c)(1)(A). In support thereof Beltran says :

### STANDARD OF REVIEW

The circuit courts have held that for an issuance of a certificate of appeallability (coa), the petitioner must demonstrate "a substantial showing of a denial of a constitutional right", and if "jurist of reason could disagree with the district court's resolution of the case". 28 U.S.C. § 2253(c); **Slack v. McDaniel**, 146 L.Ed.2d 542 (2000); **Miller-El v. Cockrell**, 154 L.Ed.2d 931 (2002).

### ARGUMENT AND ISSUES FOR APPEAL

This honorable court stated in the denial order of the §2255 motion to vacate, "Because these matters are complex, a certificate of appealability will issue". See attached copy of order, listed as **Exhibit A.**

## ISSUE ONE

Whether jurists of reason could disagree with the district court's resolution of whether trial counsel was ineffective in failing to raise an <u>Apprendi</u> objection to the district court's use of facts not admitted by Beltran to increase his sentence beyond the guideline statutory maximum?

## ISSUE TWO

Whether jurists of reason could disagree with the district court's resolution of whether the trial court violated the Fifth and Sixth United States Constitutional Amendment Rights of Beltran to have the facts used to enhance his sentence not found by a jury or proved beyond a reasonable doubt?

## ISSUE THREE

Whether jurists of reason could disagree with the district court's resolution of whether <u>Blakely v. Washington</u>, 159 L.Ed.2d 403 (2004) applies to cases who were not final when <u>Apprendi v. New Jersey</u>, 147 L.Ed.2d 435 (2000) was decided, on collateral review?

The United States Supreme Court decided in **United States v. Booker**, No. 04-104 (January 12, 2005) that **Blakely** applied to the United States Sentencing Guidelines (USSG), and they **AFFIRMED Apprendi.** The principle in **Apprendi** is that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt". **Booker** at page 20, Justice Stevens opinion.

Clearly with this new controlling precedent, jurists of reason could disagree with the district court's assessment of Beltran's claims in his §2255 motion to vacate.

Beltran was enhanced pursuant to the USSGs by facts that he did not admit during his plea hearing or sentencing hearing. Beltran's counsel failed to raise an **Apprendi** objection to the sentencing enhancements during the sentencing hearing or under the objections to the presentence report. In **Booker**, the United States Supreme Court **reaffirmed** their holding in **Apprendi**, therefore the new precedent didn't create a new rule of criminal procedure, but reaffirmed their already established precedent that was decided on June 26, 2000. Beltran's conviction was not final when **Apprendi** was decided and therefore should benefit from the recently decided precedent in **Booker**. **Yates v. Aiken,** 98 L.Ed.2d 546 (1988).

**WHEREFORE** the petitioner/appellant Luis Beltran asks this court to issue a certificate of appealability on the issues raised herein and the argument presented.

January 26, 2005                                  Respectfully Submitted By,

*Luis Beltran*
Luis Beltran, pro se.
Reg. No. 23960-038 C4
FCC Coleman Medium
P.O. Box 1032
Coleman, Fl. 33521-1032

-4-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by U.S. mail to the United States Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachussetts 02210 on this 26th day of January 2005.

                                                            *Luis Beltran*
                                                            Luis Beltran, pro se.

EXHIBIT A

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bell, Marie entered on 12/2/2004 at 3:02 PM EST and filed on 12/1/2004
Case Name: Beltran v. United States of America
Case Number: 1:04-cv-12522
Filer:
Document Number:

Docket Text:
Judge William G. Young : ELECTRONIC ORDER entered re [1] Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Luis Beltran. IT WAS NOT INADEQUATE ASSISTANCE OF COUNSEL TO FAIL TO APPRECIATE THE TRUE IMPLICATIONS OF APPRENDI v. NEW JERSEY AND PING v. ARIZONA. NO CIRCUIT COURT DID SO UNTIL AFTER BLAKELY v. WASHINGTON. BLAKELY, HOWEVER, IS NOT RETROACTIVE AND DOES NOT FALL WITHIN THE EXCEPTION OF TEAGUE v. LANE. ACCORDINGLY, THIS PETITION IS DENIED SUA SPONTE. BECAUSE THESE MATTERS ARE COMPLEX, A CERTIFICATE OF APPEALABILITY WILL ISSUES. cc.cl.(Bell, Marie)

The following document(s) are associated with this transaction:


1:04-cv-12522 Notice will be electronically mailed to:

1:04-cv-12522 Notice will not be electronically mailed to:

Luis Beltran
23960-038
FCC Coleman Medium
P.O. Box 1032
Coleman, FL 33521-1032